Filed 12/23/20  P. v. Shelton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074777 |
| v. | (Super.Ct.No. BAF002460) |
| HERBERT EUGENE SHELTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. Affirmed.

Richard L. Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Deputy Attorneys General, for Plaintiff and Respondent.

In 2004, defendant and appellant Herbert Eugene Shelton and three others encountered Dimitri Johnson and James Green in the parking lot at an apartment

1

complex. Defendant shot at Green and Johnson. Defendant was convicted of two counts of attempted premeditated and deliberate first degree murder, two counts of assault with a deadly weapon, two counts of making terrorist threats, brandishing a firearm, and theft of a firearm. Defendant was sentenced to two consecutive seven-year-to-life terms plus a determinate term of 48 years. In 2005, defendant's convictions were affirmed on appeal in *People v. Herbert Eugene Shelton* (May 1, 2005, E035915) [nonpub. opn.] (E035915 Opn.).[1]

On October 8, 2019, defendant filed his petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019 (Sen. No. 1437) and Penal Code section 1170.95[2] (petition). The petition was denied by the trial court.

Defendant appeals, contending the trial court erred by finding that section 1170.95 and Sen. No. 1437 do not apply to his convictions for attempted premeditated and deliberate murder.

## FACTUAL AND PROCEDURAL HISTORY

A.   SUMMARY OF FACTS[3]

On March 22, 2003, James Green had gotten into a fight. Several of defendant's friends were present during the fight. Dimitri Johnson, who was Green's sister, was also present and helped break up the fight. She and Green went home after the fight. Later

---

[1] We take judicial notice of our opinion in case No. E035915.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] We provide only the relevant facts as to the attempted murder convictions.

that evening, Johnson and Green attended a barbeque at their mother's apartment. Defendant and his friends, who had been present earlier at the fight, came to the gate that surrounded the apartment complex. Defendant and his friends challenged Green to come outside the gate. Johnson and Green walked toward the gate but did not go outside. Green then told Johnson to get back. At that point, Johnson heard gunshots and one bullet hit the gate. Defendant was identified as the shooter.

B.      CONVICTION AND SENTENCE

Defendant was found guilty of two counts of attempted premeditated and deliberate murder (§§ 664, 187; counts 1 & 2); two counts of assault with a deadly weapon (§ 245; counts 3 & 4); two counts of making criminal threats (§ 422; counts 5 & 6); receiving stolen property, a handgun (§ 496, subd. (a); count 7); and exhibiting a firearm in a threatening manner, a misdemeanor (§ 417, subd. (a)(2); count 8). In addition, the jury found true the allegations that in counts 1 and 2, defendant personally discharged a firearm (§ 12022.53, subd. (c)) and in counts 1 through 6, he personally used a firearm (§ 12022.5, subd. (a)).

On direct appeal, defendant argued that having to wear shackles in front of the jury was prejudicial and the imposition of consecutive sentences on facts not found by the jury violated his federal constitutional rights. His claims were rejected by this court and his convictions were affirmed.

On October 8, 2019, defendant filed his petition. Defendant used a form, which provided that he either (1) was convicted of first or second degree murder pursuant to the felony murder rule or because of the natural and probable consequences doctrine; or

3

(2) he pled guilty or no contest to first or second degree murder and if he had gone to trial he believed he could have been found guilty of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine.[4] He also alleged he could not now be convicted of first or second degree murder because of the changes to definitions of murder under sections 188 and 189.

On October 22, 2019, the People filed a response to the petition. The People requested that the trial court summarily deny the petition based on defendant having been convicted of attempted murder and not murder. The People requested that the trial court take judicial notice of the records, briefing, and oral argument in *People v. Salcido*, Riverside County Superior Court case No. RIF102042, and *People v. Lamoureux,* Riverside County Superior Court case No. SWF1101646, which addressed Sen. No. 1437.[5]

On October 23, 2019, the Riverside County Public Defender's Office filed a reply to the opposition on defendant's behalf. Defendant's counsel also requested that the trial court consider the briefing and arguments made in *Salcido* and *Lamoureux*. Defendant's counsel further argued that not applying Sen. No. 1437 to attempted murder raised issues of equal protection and cruel and unusual punishment.

---

[4] The copy of the petition provided in the clerk's transcript is the "best copy available" but does not show which box on the form that defendant checked.

[5] In *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-251, Sen. No. 1437 was found not to violate the state or federal Constitutions by impermissibly invalidating other voter initiatives.

4

## C. RULING ON PETITION

The petition was heard on January 10, 2020.  Defendant was not present but was represented by counsel.  The People noted there were two published cases finding that Sen No. 1437 did not apply to attempted murder and made an oral motion to dismiss the petition.  The motion was granted and the petition was dismissed.

## DISCUSSION

Defendant contends the Legislature intended for section 1170.95 to apply to attempted murder.  Interpreting section 1170.95 and Sen. No. 1437 to exclude attempted murder violates his constitutional right to equal protection of the law.  Whether section 1170.95 applies to attempted murder will ultimately be decided by the California Supreme Court.in *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted November 13, 2019, S258175, and *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234.  We follow the reasoning in *Lopez* and *Munoz* and find section 1170.95 and Sen. No. 1437 do not apply to attempted murder.

"[Sen. No. 1437] modified California's felony murder rule and natural and probable consequences doctrine to ensure murder liability is not imposed on someone unless they were the actual killer, acted with the intent to kill, or acted as a major participant in the underlying felony and with reckless indifference to human life." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 220.)  Sen. No. 1437 added section 189, subdivision (e), which modified first degree felony murder, and provides that when "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]

5

(1)  The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Sen. No. 1437 also added section 188, subdivision (a)(3), which redefined malice. It provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  Hence, "[Sen. No. 1437] eliminates aider and abettor liability for murder under the natural and probable consequences doctrine."  (*Lopez*, *supra*, 38 Cal.App.5th at p. 1092.)**6**

Section 1170.95 provides the "exclusive means of obtaining relief" for eligible defendants to have their murder convictions vacated after Sen. No. 1437.  (*People v. Cervantes*, *supra*, 46 Cal.App.5th at p. 220.)  Section 1170.95 states, "(a) A *person convicted of felony murder or murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a *theory of felony*

---

**6** We cite cases that have been granted review, including *Lopez* and *Munoz*, only for persuasive value and not as binding precedent.  (Cal. Rule of Court, Rule 8.1115(e)(1).)

6

*murder or murder* under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of *first degree or second degree murder* following a trial . . . . [¶] (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.)

Section 1170.95, subdivision (c) provides "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." "If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. [Citation.] If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95." (*People v. Smith* (May 15, 2020) 49 Cal.App.5th 85, 92, fn. omitted, review granted July 22, 2020, S262835.)

Here, the trial court determined that defendant's petition did not entitle him to relief on its face because he had been convicted of attempted premeditated and deliberate murder which is not enumerated in section 1170.95. As such, we must determine whether the statute can be construed to include attempted murder. Such review is de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

"Our role in construing a statute is to ascertain the intent of the Legislature in order to effectuate the purpose of the law. [Citation.] Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves,

7

giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction." (*People v. Johnson* (2002) 28 Cal.4th 240, 244.)

Based on the plain language of Sen. No. 1437 and section 1170.95, they only apply to murder convictions. Section 1170.95 specifically only uses the terms "convicted of felony murder or murder." (§ 1170.95, subd. (a).) As for Sen. No. 1437, in *Lopez*, the court found "[T]here is nothing ambiguous in the language of SB 1437, which, in addition to the omission of any reference to attempted murder, expressly identifies its purpose as the need 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] Had the Legislature meant to bar convictions for attempted murder under the natural and probable consequences doctrine, it could easily have done so." (*Lopez, supra*, 38 Cal.App.5th at pp. 1104.) It further held, "The Legislature's obvious intent to exclude attempted murder from the ambit of the SB 1437 reform is underscored by the language of new section 1170.95, . . . Section 1170.95, subdivision (a), authorizes only those individuals 'convicted of felony murder or murder under a natural and probable consequences theory' to petition for relief; and the petition must be directed to 'the petitioner's murder conviction.' " (*Id.* at pp. 1104-1105.)

8

Based on the plain language of the statute, the trial court properly determined that defendant's petition did not present a prima facie case entitling him to relief as he had been convicted of attempted murder.

In *Lopez* and *Munoz*, the courts also concluded the legislative history did not support that the legislation was intended to apply to attempted murder. (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1104-1106; *Munoz*, *supra*, 39 Cal.App.5th at pp. 753-760.)

In *Lopez*, the court concluded that the "Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill 1437 reform" based both on the plain language of the statute and the fact that the Legislature repeatedly referred to only first and second degree murder. (*Lopez*, *supra*, 38 Cal.App.5th at p. 1105.) The court in *Lopez* noted that in discussing the fiscal impact of Sen. No. 1437, the Legislature referred to only those serving prison sentences for first and second degree murder. (*Ibid.*) The *Munoz* court concluded, in reviewing the legislative history, that "all indications are that the exclusion of attempted murder was intentional." (*Munoz*, *supra*, 39 Cal.App.5th at p. 757.)

In addition, the courts in *Lopez* and *Munoz* rejected a similar argument made by defendant that excluding attempted murder from the legislation results in a violation of the equal protection laws. Both courts concluded that those who are convicted of attempted murder and murder are not similarly situated based on the differences in the severity of the sentences, and there is a rational basis for distinguishing between attempted murder and murder as costs associated with resentencing and reform in murder

9

cases was more crucial or imperative.  (*Munoz*, *supra*, 39 Cal.App.5th at pp. 760-764; *Lopez*, *supra*, 38 Cal.App.5th at pp. 1109-1112.)  We adopt the same reasoning.

Other appellate courts have concluded that despite attempted murder not being enumerated in Sen. No. 1437, the legislation must be interpreted to include attempted murder in addressing attempted murder convictions that were pending on appeal.  (See *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted March 16, 2020, S261768 ["Limiting [Sen. No.] 1437's malice imputing prohibition to murder" incentivizes murder]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1015, review granted March 11, 2020, S259948 ["Because the crime of attempted murder is tethered to the murder statutes, i.e., it does not exist without them, there is no logical basis for applying section 188 to murder and treating the crime of attempted murder as being subject to an impliedly different and unspecified rule of law."]; *People v. Larios* (2019) 42 Cal.App.5th 956, 966, review granted February 26, 2020, S259983 ["[T]he natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder . . . since 'implied malice cannot support a conviction of an attempt to commit murder' [citation], the current version of section 188 requires proof the aider and abettor acted with the intent to kill while aiding and abetting the target offense"].)

However, in *Larios* and *Medrano*, the courts found that even if Sen. No. 1437 applied to attempted murder convictions on direct appeal, based on the unambiguous language in section 1170.95, a defendant convicted of attempted murder could not file a petition pursuant to section 1170.95.  (*People v. Larios*, *supra*, 42 Cal.App.5th at pp. 969-

970; *People v. Medrano*, *supra*, 42 Cal.App.5th at pp. 1017-1018.)[7]  These courts

concluded, "[T]here is a rational basis for the Legislature's decision to grant relief

pursuant to section 1170.95 only to murder convictions and exclude attempted murder

convictions based on judicial economy and the financial costs associated with reopening

both final murder and attempted murder convictions." (*Larios*, at p. 970; *Medrano*, at p.

1018.)  We agree with the reasoning of these cases and find that section 1170.95 does not

allow a defendant who has been convicted of attempted murder to apply for relief.

Finally, we note that even if section 1170.95 and Sen. No. 1437 applied to

attempted murder, defendant would not be entitled to relief.  (See *Munoz*, *supra*, 39

Cal.App.5th at p. 769 [the defendant would not be entitled to relief pursuant to section

1170.95 because he possessed the intent to kill the victim].)  Here, the jury was instructed

and found that defendant committed attempted premeditated and deliberate murder, and

that he personally used a firearm.  The prosecutor argued to the jury that it had to find

defendant possessed "express malice aforethought" in shooting at Green and Johnson in

order to find him guilty.  As noted, Sen No. 1437 added section 188, subdivision (a)(3),

which redefined malice.  It provides, "Except as stated in subdivision (e) of Section 189,

in order to be convicted of murder, a principal in a crime shall act with malice

aforethought.  Malice shall not be imputed to a person based solely on his or her

participation in a crime."  Here, defendant was convicted under the theory that he was the

shooter and acted with express malice.  There is no indication that the jury relied on

---

[7]  The court in *Sanchez* did not address the issue of section 1170.95.  (*Sanchez*, *supra*, 46 Cal.App.5th at pp. 642-645.)

implied malice in reaching its decision.  Defendant is not entitled to relief under Sen. No.

1437 and section 1170.95 even if it applied to attempted murder.

## DISPOSITION

We affirm the order denying defendant's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

12