Filed 8/17/23  P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EFRAIN RAMIREZ,<br><br>    Defendant and Appellant. | B323084<br>(Los Angeles County<br> Super. Ct. No. BA397039) |

APPEAL from an order of the Superior Court of Los Angeles County, Kerry Bensinger, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Heidi Salerno, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant guilty of two counts of attempted murder. The jury also found Ramirez acted willfully, deliberately, and with premeditation, which enhanced his sentence for those crimes. Defendant petitioned for relief from his conviction under Penal Code[1] section 1172.6.[2] The trial court denied his petition, finding he was ineligible for relief as a matter of law.

On appeal, defendant does not dispute that his convictions for attempted murder are ineligible for resentencing under section 1172.6 but argues the premeditation allegations entitle him to relief. We disagree and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Ramirez's Convictions*

The following facts are provided for background purposes and have been taken from this court's unpublished opinion, *People v. Ramirez* (Dec. 20, 2016, B267516), which affirmed defendant's convictions.

A jury found defendant Efrain Ramirez (Ramirez) and his codefendant Edwin Celis (Celis) guilty of two counts of premeditated murder (§§ 664/187, subd. (a)) and found true the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). The jury also found that a principal willfully discharged a firearm causing great bodily injury (§ 12022.53, subds. (d) and (e)(1)), that a principal personally and

---

[1]    All further unspecified statutory references are to the Penal Code.

[2]    Defendant's petition was originally filed in 2020 under former section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statutory provision as section 1172.6.

intentionally discharged a firearm (§ 12022.53, subds. (c) and (e)(1)), and that a principal personally used a firearm (§ 12022.53, subds. (b) and (e)(1)). The trial court sentenced Ramirez to two consecutive life sentences plus 45 years in state prison. On appeal, we modified the judgment to clarify the restitution fine but otherwise affirmed his convictions and sentence.

B.     *Petition for Resentencing*

Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437), Ramirez filed a petition for resentencing under section 1172.6, alleging he had been convicted of two counts of attempted murder under the natural and probable consequences doctrine. The trial court denied the petition, finding Ramirez had failed to state a prima facie case for relief. The court explained section 1172.6 applied only to convictions for murder, and Ramirez's conviction for attempted murder fell outside the statute's scope. Ramirez appealed this order. (*People v. Ramirez* (Nov. 2, 2021, B307919) [nonpub. opn.].)

While the appeal was pending, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775). (Stats. 2021, ch. 551, § 2.) SB 775 amended section 1172.6 to extend to certain convictions for attempted murder. Accordingly, we reversed the court's denial of Ramirez's petition and remanded with directions to appoint counsel and conduct further proceedings consistent with the amended version of section 1172.6. (*Ibid*.)

Upon remand, the trial court appointed counsel for Ramirez and received briefing on whether he qualified for relief under section 1172.6 as amended by SB 775. The court again denied Ramirez's petition at the prima facie stage, finding he was ineligible for relief as a matter of law. In making this determination, the trial court examined the instructions given to the jury

3

at Ramirez's trial. The court found the jury had been instructed with CALCRIM No. 600, which required the jury to find that Ramirez had acted with the intent to kill in order to find him guilty of aiding and abetting attempted murder. The court determined the jury had not been instructed on the natural and probable consequences doctrine, and thus could not have convicted Ramirez under that theory. The court concluded Ramirez could not have been convicted under a theory where malice was imputed to him by his participation in a crime. The court also found that aiding and abetting remains a valid theory of attempted murder even after the enactment of SB 775.

In a footnote, the court noted the jury had also been instructed on a sentencing enhancement for willful, deliberate, and premeditated attempted murder (CALCRIM No. 601). Under this instruction, the jury was told it could determine the attempted murder was done willfully, and with deliberation and premeditation by Ramirez if it found Ramirez, Celis, or both had acted with that state of mind. The court recognized this instruction permitted the jury to impute Celis's state of mind of willfulness, premeditation, and deliberation to Ramirez for purposes of applying the sentencing enhancement. However, the court determined that under *People v. Rodriguez* (2022) 75 Cal.App.5th 816, SB 775 only extended relief to convictions for attempted murder based on the natural and probable consequences doctrine and did not apply to individuals convicted of attempted murder on a theory of aiding and abetting. The court further noted the premeditation enhancement was reached independently and apart from the conviction for attempted murder, and the attempted murder conviction, not the sentencing enhancement, is the subject of a petition for relief under section 1172.6.

4

Ramirez filed a timely notice of appeal.

## DISCUSSION

A.  *Standard of Review*

We review de novo whether the trial court conducted a proper inquiry as to whether a prima facie case for relief had been established under section 1172.6.  (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)  This appeal concerns the interpretation of section 1172.6.  "We review the interpretation of a statute de novo."  (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 880.)

B.  *Overview of Relevant Law*

Under section 1172.6, "person[s] convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances.  (§ 1172.6, subd. (a).)  "After the parties have had an opportunity to submit briefing[ ], the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)  The bar for this prima facie showing was "'intentionally and correctly set very low.'"  (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of

5

evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

C.     *Analysis*

1.     *Plan Language of Penal Code Section 1172.6*

Ramirez does not qualify for relief under the unambiguous terms of section 1172.6. It is undisputed that Ramirez was not convicted of attempted murder under the natural and probable consequences doctrine, rather, he was convicted of attempted murder as an aider and abettor found to be acting with the intent to kill. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [holding section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) Aiding and abetting remains a viable theory of attempted murder. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1258 [individual convicted of murder as an aider and abettor is "ineligible for section 1172.6 relief as a matter of law"]; accord *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [murder conviction based on direct aiding and abetting with intent to kill is ineligible for section 1172.6 relief].)

Ramirez argues section 1172.6 applies to a premeditation enhancement allegation because the jury was not required to find he personally premeditated the crime, rather it allowed the jury to potentially impute

6

Celis's mental state to Ramirez, as a direct aider and abettor of the attempted murders. We disagree.

Section 1172.6 provides relief only where a defendant has been convicted under a theory of imputed malice, not imputed premeditation. (§ 1172.6, subd. (a).) Whether a crime was committed with express malice is a wholly separate consideration from whether it was premeditated. (See *People v. Smith* (2005) 37 Cal.4th 733, 740 [attempted murder requires specific intent to kill, and the prosecution may seek an additional finding of premeditation "for purposes of sentence enhancement"].) Because the crime of attempted murder requires a specific intent to kill and the jury was so instructed, the jury necessarily found that Ramirez himself harbored express malice regardless of the instruction given as to the premeditation enhancement. (See *People v. Guerra* (1985) 40 Cal.3d 377, 386 [the crime of attempted murder requires a specific intent to kill, a mental state coincident with express malice]; see also *People v. Didyavong* (2023) 90 Cal.App.5th 85, 95 ["Express malice exists 'when there is a manifest intent to kill'"].) It is well settled that SB 1437 "does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)

The language of section 1172.6 makes clear the statutory scheme does not apply to individuals convicted of attempted murder as an aider and abettor, and courts have construed section 1172.6 as not extending to punishment enhancements which fall short of vacating a conviction. (*Rodriguez, supra*, 75 Cal.App.5th at pp. 823–824; *People v. Didyavong, supra,* 90 Cal.App.5th at p. 96 [section 1172.6 "provides no mechanism for the court to *reduce* a first degree murder conviction to second degree"]; *People v. Gonzalez, supra,* 87 Cal.App.5th at p. 880 ["Section 1172.6's plain language

does not contain a mechanism for a trial court to reduce a first degree murder conviction to second degree murder"].) Courts have consistently limited the scope of section 1172.6 to the plain language of the statute. (See *People v. Flores* (2020) 44 Cal.App.5th 985, 993–994 (*Flores*) [collecting cases decided prior to the enactment of SB 775 which interpreted former section 1170.95 to apply only to those convicted of murder and did not extend to those convicted of similar crimes based on the plain language of the statute].) Under this plain language, the court may only vacate a sentencing enhancement under section 1172.6 if it first vacates the underlying conviction. (§ 1172.6, subd. (d)(3).)[3]

In this instance, the Legislature has chosen to limit the scope of section 1172.6 to individuals convicted of murder or attempted murder based on theories of imputed malice rather than expand the statute to afford relief from premeditation enhancements based on imputed premeditation. This decision is entirely within the Legislature's purview. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 840 ["'The decision of how long a particular term of punishment should be is left properly to the Legislature. The Legislature is responsible for determining which class of crimes deserves certain punishments and which crimes should be distinguished from others.'"].) The Legislature may properly enact reform one step at a time and limit the ameliorative effects of legislation to the class or classes of person who are thought to need it most. (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 488

---

[3] Section 1172.6, subdivision (d)(3) states "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law . . . . If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."

8

["[B]oth the United States Supreme Court and this court have recognized the propriety of a legislature's taking reform "'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind'""]; *City and County of San Francisco v. Sweet* (1995) 12 Cal.4th 105, 121 ["When the Legislature has spoken, the court is not free to substitute its judgment as to the better policy"].)

2.      *Legislative Intent*

Ramirez argues SB 1437 and SB 775 evidence an intent by the Legislature to extend resentencing relief to premeditation sentencing enhancements. In support of this claim, he ignores the plain language of section 1172.6 and points instead to the uncodified preamble of SB 1437, which states the general principal that individuals should be punished according to their own level of individual culpability. Ramirez claims by permitting the jury to enhance his sentence by imputing Celis's premeditation to him, he may have been punished beyond his own level of individual culpability for attempted murder. Ramirez contends that section 1172.6 must be expansively read to apply to the premeditation enhancement to give effect to the legislative intent of remedying such disproportionate punishment. This argument fails.

The statute's preamble is only relevant to the question of statutory interpretation to the extent the statute is ambiguous. (*Yeager v. Blue Cross of California* (2009) 175 Cal.App.4th 1098, 1103 (*Yeager*) ["Legislative findings and statements of purpose in a statute's preamble can be illuminating if a statute is ambiguous"]; *People v. Johnson* (2002) 28 Cal.4th 240, 244 ["If the statutory language contains no ambiguity, the Legislature is presumed to have meant what it said, and the plain meaning of the statute

9

governs"].)  Ramirez does not identify any purported ambiguity in the statute.  Section 1172.6 does not provide any mechanism by which an individual convicted of attempted murder may seek to vacate a premeditation allegation independently of the underlying conviction.  This is not an ambiguity; it is silence.  "We may not make a silent statute speak by inserting language the Legislature did not put in the legislation."  (*Yeager, supra,* 175 Cal.App.4th at p. 1103.)

When the Legislature intends to provide relief from sentencing enhancements independently of convictions, it does so expressly.  (See, e.g., section 1172.7 [providing for resentencing of "Any sentence enhancement" imposed under Health & Saf. Code, § 11370.2]; § 1172.75 [providing for resentencing of sentencing enhancements imposed under § 667.5].)  Had the Legislature intended section 1172.6 to provide independent resentencing relief from sentencing enhancements, it could easily have done so.  Courts have rejected similar attempts to rely on uncodified language in the preamble of SB 1437 to expand the scope of section 1172.6 beyond its plain language.  (See, e.g., *Flores*, *supra*, 44 Cal.App.5th at p. 995 [rejecting the argument that uncodified legislative findings supported the expansion of former § 1170.95 to convictions for voluntary manslaughter where the statute itself "repeatedly and exclusively refer[s] to murder, not manslaughter"].)

The Legislature imposed unambiguous limitations on the scope of section 1172.6 by expressly stating it only applies to certain convictions reached under certain theories of liability.  Ramirez's convictions and associated enhancements for two counts of attempted murder under a theory of aiding and abetting, which included an express finding of an intent to kill, fall beyond the statute's scope.  The trial court correctly concluded Ramirez is ineligible for relief under section 1172.6 as a matter of law.

10

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                            ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.