Filed 9/14/21  P. v. Lopez CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307654 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.TA145893) |
| v. | |
| JIMMY LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Shultz, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan, Assistant Attorney General, Amanda Lopez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

On May 23, 2018, the People filed an information charging appellant Jimmy Lopez and two codefendants with murder. (Pen. Code, § 187, subd. (a).[1])  The information further alleged that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a principal used a firearm in the commission of the offense (§§ 12022, subd. (a)(1), 12022.53, subds. (b), (c), (d), (e)(1).)  Pursuant to a plea offer, in July 2018 appellant pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted the firearm allegation under section 12022, subdivision (a)(1).  He was sentenced to 12 years in prison.

In April 2020, appellant filed a petition for resentencing under section 1170.95.  On the form petition, he checked the box stating, "I pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine."  The trial court summarily denied the petition, stating that appellant was not entitled to relief as a matter of law because he had been convicted of voluntary manslaughter, not murder.

Appellant timely appealed.

**DISCUSSION**

Under section 1170.95, subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder."

Appellant asserts that he is entitled to resentencing under section 1170.95 because he accepted a plea offer in lieu of a trial at which he could have been convicted of first degree or second degree murder.  He contends the trial court's order denying his petition was erroneous and violated his constitutional rights to equal protection and due process.  The People contend the petition was properly denied.

The proper interpretation of a statute is a question of law we review de novo.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)  To interpret a statute, "[w]e begin by examining the words of the statute, affording them 'their ordinary and usual meaning and viewing them in their statutory context.'"  (*People v. Colbert* (2019) 6 Cal.5th 596, 603.)  If the statutory language is not ambiguous, the plain meaning governs.  (*Ibid.*)

Section 1170.95 explicitly states that it applies to "[a] person convicted of felony murder or murder under a natural and probable consequences theory," and it allows "the petitioner's murder conviction" to be vacated.  (§ 1170.95, subd. (a).)  The People assert that the provision's references to murder exclude persons convicted of voluntary manslaughter, and therefore appellant was not entitled to relief.  Appellant contends that such a "narrow interpretation" of section 1170.95 would render subdivision (a)(2)'s reference to a plea offers superfluous.

We agree with the many cases holding that the plain language of section 1170.95 bars relief for defendants convicted of voluntary manslaughter. (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 204 (*Paige*) ["defendants charged with felony murder but convicted of voluntary manslaughter pursuant to a plea agreement are not eligible for relief under section 1170.95"]; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 (*Turner*) ["a defendant who faces murder liability under the natural and probable consequences doctrine, but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95"]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 ["the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder"]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 920 (*Sanchez*) ["section 1170.95 relief is not available to those offenders who pled guilty to voluntary manslaughter"]; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of the statute is explicit; its scope is limited to murder convictions."].)

Appellant acknowledges this case law, but asserts that these cases were wrongly decided and should not be followed. He asserts that if the Legislature "intended to limit eligibility for relief under section 1170.95 to defendants convicted of first or second degree murder," subdivision (a)(2) would say so explicitly. He argues that the "more specific provision" of subdivision (a)(2) controls over the more general language in the "introductory provision" of the statute.

We do not agree with this interpretation of the statute. As the court stated in *Paige, supra*, section 1170.95, subdivision (a)(2) sets out only "one of three conditions—all of which must also apply before the person convicted of felony murder or natural

4

and probable consequences murder may seek relief under section 1170.95. Given the structure of the statute and the language in the first paragraph of section 1170.95, subdivision (a), the reference to a person who 'accepted a plea offer' in subdivision (a)(2) must necessarily mean a person who accepted a plea to, and was convicted of, first or second degree murder in lieu of a trial at which he could have been convicted of either of those charges." (*Paige, supra,* 51 Cal.App.5th at p. 202; see also *Turner, supra*, 45 Cal.App.5th at p. 436 [focus on subdivision (a)(2) "ignores the introductory language in section 1170.95, subdivision (a) that limits petitions to persons 'convicted of . . . murder.'"]; *Sanchez, supra*, 48 Cal.App.5th at p. 919 [same].)

Appellant argues that such a reading of the statute is inconsistent with the "purposes" of the statute and the intent of the Legislature. However, "[i]f the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction. [Citation.] If the statutory language contains no ambiguity, the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs." (*People v. Johnson* (2002) 28 Cal.4th 240, 244.) The plain language of section 1170.95 states that it applies to persons convicted of murder, and it allows "the petitioner's murder conviction" to be vacated. (§ 1170.95, subd. (a).) We therefore need not engage in further judicial construction.

Appellant also contends that section 1170.95 violates his right to equal protection under the United States and California constitutions. Again, we agree with the cases that have rejected similar challenges. "The first step in an equal protection analysis is to determine whether the defendant is similarly situated with those who are entitled to the statutory benefit." (*Cervantes,*

5

*supra*, 44 Cal.App.5th at p. 888.) As in *Cervantes*, appellant here "was convicted of voluntary manslaughter, a different crime from murder, which carries a different punishment. Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes." (*Ibid.*; see also *Paige, supra*, 51 Cal.App.5th at pp. 205-206; *Sanchez, supra*, 48 Cal.App.5th at pp. 920-921.)

Appellant further asserts that the superior court's ruling violated "guarantees of substantive due process." We disagree. "'[S]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.'" (*Cervantes, supra*, 44 Cal.App.5th at p. 889.) In section 1170.95, "there was such a relationship. The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule." (*Ibid.*) Thus, appellant's substantive due process rights were not violated.

Finally, appellant asserts that the superior court erred in summarily denying his petition without appointing counsel or allowing briefing on the issues. He asserts this was structural error requiring automatic reversal, or in the alternative, that the error was prejudicial under any standard. The People assert that appellant was not entitled to counsel, and even if he was, any error was harmless.

After briefing in this case was complete, the Supreme Court held that under section 1170.95, "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or

6

she is entitled to relief.' (§ 1170.95, subd. (c).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The court also held that the deprivation of the right to counsel under section 1170.95 is "state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 299 P.2d 243 (*Watson*)." (*Ibid.*)

Under the standard articulated in *Lewis*, the superior court erred in failing to appoint counsel to appellant. Appellant's section 1170.95 petition was arguably facially sufficient, because he incorrectly checked the box stating that he "pled guilty or no contest to 1st or 2nd degree murder." Any error was harmless, however. Because a person convicted of voluntary manslaughter is not eligible for section 1170.95 relief, appellant cannot "demonstrate there is a reasonable probability that in the absence of the error he or she would have obtained a more favorable result." (*People v. Lightsey* (2012) 54 Cal.4th 668, 699.)

## DISPOSITION

The denial of appellant's petition under section 1170.95 is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

MANELLA, P. J.

CURREY, J.

7