[No. S097857. June 17, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE JOHNSON, Defendant and Appellant.

**COUNSEL**

Katharine Eileen Greenebaum, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Carol Wendelin Pollack, Mark E. Turchin and Pamela C. Hamanaka, Assistant Attorneys General, Scott A. Taryle, Sanjay T. Kumar, David C. Cook and Thien Huong Tran, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WERDEGAR, J.**—Penal Code section 288.5 defines the crime of continuous sexual abuse of a child. Any person who either resides in the same home with a minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with the child or three or more acts of lewd or lascivious conduct, is guilty of the offense of continuous sexual abuse. (Pen. Code, § 288.5, subd. (a); see *id.*, §§ 1203.066, subd. (b) [defining substantial sexual conduct], 288, subd. (a) [defining lewd or lascivious conduct]; further statutory references are to the Penal Code unless otherwise specified.) Enacted in 1989, section 288.5 was aimed at solving a recurrent problem in the prosecution of so-called resident child molesters: Because of the age of the victim and the repeated and continual nature of the offenses, trial testimony often failed to identify with specificity the date or place of particular charged acts, and the defense's ability to respond to specific charges arguably was impaired. A line of Court of Appeal decisions beginning with *People v. Van Hoek* (1988) 200 Cal.App.3d 811 [246 Cal.Rptr. 352] (*Van Hoek*) reversed convictions obtained through the use of such "generic" testimony, concluding that the inability to effectively defend against such charges deprived defendants of due process and that such proceedings improperly compromised the constitutional guarantee of jury unanimity. (E.g., *People v. Vargas* (1988) 206 Cal.App.3d 831, 845-847 [253 Cal.Rptr. 894]; *People v. Luna* (1988) 204 Cal.App.3d 726, 738-749 [250

Cal.Rptr. 878]; *People v. Atkins* (1988) 203 Cal.App.3d 15, 19-23 [249 Cal.Rptr. 863]; *Van Hoek, supra*, at pp. 814-818.)[1]

The Legislature responded to the *Van Hoek* line of cases by enacting section 288.5. (Stats. 1989, ch. 1402, § 1, p. 6138.) In a prosecution under the statute, the trier of fact need unanimously agree only that the requisite number of specified sexual acts occurred, not which acts constituted the requisite number. (§ 288.5, subd. (b).) The statute, however, imposes certain limits on the prosecution's power to charge both continuous sexual abuse and specific sexual offenses in the same proceeding. A defendant may be charged with only one count of continuous sexual abuse unless multiple victims are involved, in which case a separate count may be charged for each victim. (§ 288.5, subd. (c).) And, central to this case, "[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." (*Ibid.*)

Defendant was charged with continuous sexual abuse of a child under age 14 between September 19, 1995, and February 28, 1998, in violation of section 288.5, subdivision (a) (count 1); forcible lewd act on a child between September 19, 1995, and September 18, 1996 (count 2); forcible lewd act on a child between September 19, 1996, and September 18, 1997 (count 3); sodomy of a person under age 14 by a person 10 or more years older between September 19, 1996, and September 18, 1997, in violation of section 286, subdivision (c) (count 4); forcible lewd act on a child between September 19, 1997, and September 28, 1998 (count 5); and forcible lewd act on a child between September 19, 1997, and February 28, 1998 (count 6). Counts 2, 3, 5 and 6 alleged violations of section 288, subdivision (b). Despite the requirement of section 288.5, subdivision (c), the section 288 and section 286 charges were not alleged in the alternative to the section 288.5 charge.

Defendant was convicted on all counts.[2] The trial court sentenced him to the high term of 16 years' imprisonment on the section 288.5 count and,

---

[1] In *People v. Jones* (1990) 51 Cal.3d 294, 322 [270 Cal.Rptr. 611, 792 P.2d 643], this court disapproved the *Van Hoek* line of cases, concluding that presentation of generic testimony of this sort does not deprive a defendant of due process, the right to defend, or a unanimous jury verdict.

[2] Defendant does not contest the sufficiency of the evidence to sustain the convictions, and we therefore need not discuss it in any detail. In brief, between 1995 and 1998 defendant molested a friend's young son, for whom he babysat on a number of occasions; defendant denied any molestation but testified to one incident of "accidental" contact between his penis and the victim's anus, as well as one incident in which the victim, assertedly unbidden, orally

pursuant to section 654, stayed sentences on the remaining counts. The Court of Appeal reversed defendant's convictions on counts 2 through 6, finding that the plain language of section 288.5, subdivision (c) precluded convictions on both the continuous sexual abuse charge and the individual sexual offenses. In so holding, the Court of Appeal disagreed with an earlier decision, *People v. Valdez* (1994) 23 Cal.App.4th 46 [28 Cal.Rptr.2d 236] (*Valdez*), which held that the charge-in-the-alternative language of section 288.5, subdivision (c) precluded multiple *punishment*, but not multiple convictions in this context.

We granted review to resolve the conflict between the present case and *Valdez*. Because we find the *Valdez* court's reading of section 288.5, subdivision (c) unpersuasive, we affirm the appellate court's decision in this case and disapprove *Valdez*.

## DISCUSSION

Our task in this case is to interpret section 288.5, subdivision (c)'s requirement that "[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense . . . is charged in the alternative," as it affects the validity of multiple convictions under the present circumstances. ■ Our role in construing a statute is to ascertain the intent of the Legislature in order to effectuate the purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning and construing them in context. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230-231 [99 Cal.Rptr.2d 570, 6 P.3d 228].) If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction. (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944]; *People v. Walker* (2000) 85 Cal.App.4th 969, 973 [102 Cal.Rptr.2d 637].) If the statutory language contains no ambiguity, the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs. (*People v. Lawrence*, *supra*, at pp. 230-231; *People v. Dyer* (2002) 95 Cal.App.4th 448, 453 [115 Cal.Rptr.2d 527].)

The Court of Appeal found the language of section 288.5, subdivision (c) "clear and unambiguous. On its face, [the statute] prohibits the prosecution from charging the defendant with a violation of section 288.5 and any other

---

copulated defendant. The prosecution presented evidence of various uncharged similar incidents in which defendant had molested another boy in the same age range as the victim.

sexual felony occurring during the same time period, *unless* the offenses are charged in the alternative. In other words, the defendant cannot be convicted of both continuous sexual abuse and the individual underlying acts of that abuse." The premise of the Court of Appeal's decision is that if a defendant may be *charged* with two different offenses only in the *alternative*, then he or she may not properly be *convicted* of those offenses in the *conjunctive*. By the Court of Appeal's reasoning, if an accusatory pleading is improper (i.e., a count alleging violation of section 288.5 is joined, and *not*—as subdivision (c) requires—charged alternatively, with one or more counts alleging specific sexual offenses), then the multiple convictions predicated thereon cannot stand, and either the continuous abuse conviction or the convictions on the specific offenses must be vacated.

The *Valdez* court took a different approach to the statute. In finding multiple convictions proper, it reasoned as follows: Section 288.5 explicitly permits alternative charging of continuous sexual abuse and specific sexual offenses; the specific offenses, having different elements than section 288.5, are not necessarily included therein; nor are the specific offenses and section 288.5 "alternative" in the sense that commission of one necessarily constitutes an acquittal of the other. (*Valdez, supra,* 23 Cal.App.4th at pp. 48-49.) Because the prosecution cannot know in advance on which offenses the trier of fact will convict, which convictions will be sustained on appeal, and which statutes will never be retrospectively declared invalid, the *Valdez* court opined, multiple convictions should be permitted, with the sentences imposed on the lesser of the "alternative" crimes stayed pursuant to section 654.[3] (*Valdez, supra,* at p. 49.)

 Adopting in large part the reasoning of the *Valdez* court, the People here argue that section 288.5, subdivision (c) does not mean a defendant may not be convicted of committing a violation of both section 288.5 and another felony sex offense within the same time period. This, they argue, is because section 954[4] permits prosecutors to charge multiple related offenses and because it is possible to commit a violation of both section 288.5 and another sexual felony. The instant situation is not, the People contend, that of greater

---

[3]The *Valdez* court relied on the proposition that the permanent staying of the specific sexual offenses pursuant to section 654 ensured that the defendant would suffer no additional penal consequences therefrom in the future. (*Valdez, supra,* 23 Cal.App.4th at p. 49.) Since *Valdez* was decided, however, this court has held to the contrary. (*People v. Benson* (1998) 18 Cal.4th 24, 36 [74 Cal.Rptr.2d 294, 954 P.2d 557] [a conviction stayed pursuant to § 654 may constitute a "strike" under the "Three Strikes" law].)

[4]In relevant part, section 954 provides: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any

and lesser included offenses, where multiple convictions are precluded under the rule of *People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].

We agree with the People that section 954, in general, permits the charging of multiple related offenses, and that continuous sexual abuse and other sexual offenses, lacking certain common elements, do not stand in the relation of greater and lesser included offenses. But to grant these premises does not necessitate the conclusion that a defendant may validly be convicted of both continuous sexual abuse and other sexual offenses involving the same victim occurring during the same period of time. In explicitly requiring that continuous sexual abuse and specific sexual offenses be charged in the alternative, section 288.5 essentially carves out an exception to section 954's general rule permitting joinder of related charges. In these circumstances, " ' "the general rule [is] that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment." ' " (*People v. Jenkins* (1980) 28 Cal.3d 494, 501 [170 Cal.Rptr. 1, 620 P.2d 587], quoting *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].)

The People suggest that the distinction between specific and general statutes, discussed in such cases as *People v. Jenkins, supra,* 28 Cal.3d 494, and *People v. Butler* (1996) 43 Cal.App.4th 1224 [51 Cal.Rptr.2d 150], pertains only to the question whether a prosecutor may seek a conviction for a crime defined by a general statute when the offense falls within the purview of a more specific one. We disagree. Nothing inherent in the logic of the specific/general distinction supports the suggested limitation; as the *Butler* court reasoned, the inference that a specific statute constitutes an exception to a more general one is merely one tool by which a court may ascertain and effectuate legislative intent (*id.* at p. 1243) and thus may apply as well to procedural statutes as to those defining offenses. Nor does the narrowness of the People's suggestion comport with *In re Williamson*'s broad statement of the general rule. (See *In re Williamson, supra,* 43 Cal.2d at p. 654.) Thus, section 288.5, subdivision (c)'s explicit alternative pleading requirement differentiates section 288.5 from other offenses as far as the operation of section 954 is concerned.[5]

In addition, the People's interpretation of section 288.5 runs afoul of one of the guiding principles of statutory construction, that significance be

---

number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court . . . ."

[5]Nothing in this conclusion is inconsistent with *People v. Hord* (1993) 15 Cal.App.4th 711, 720 [19 Cal.Rptr.2d 55], where the Court of Appeal concluded that the Legislature's purpose in passing section 288.5 was not to enact a specific statute in order to preclude prosecution for other generally applicable sexual offenses. In this case, we hold only that the alternative

accorded every word of an act. (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798-799 [268 Cal.Rptr. 753, 789 P.2d 934].) If section 954 permits multiple charges and convictions in the present circumstances, then the alternative charging language of subdivision (c) of section 288.5 is essentially rendered meaningless. We will avoid an interpretation that makes surplusage of a portion of a statute. (*Delaney, supra,* at p. 799.)

The People also argue the Court of Appeal's reading of section 288.5, subdivision (c) fails to give due weight to the legislative intent and public policy animating the statute. As the People observe, in enacting section 288.5, the Legislature declared: "It is the intent of the Legislature in enacting this act to provide additional protection for children subjected to continuing sexual abuse and certain punishment for persons referred to as 'resident child molesters' by establishing a new crime of continuing sexual abuse of a child under circumstances where there have been repeated acts of molestation over a period of time, and the perpetrator either resides with or has recurring access to the child. . . ." (Stats. 1989, ch. 1402, § 1(b), p. 6138.) As noted above (see *ante,* at pp. 242-243), the *Van Hoek* line of cases had invalidated convictions of such molesters, when predicated on "generic" testimony unspecific as to date or place, and the aim of section 288.5 was to fortify such convictions against constitutional challenge. ■ In our view, the Legislature apparently was not seeking to multiply potential convictions or punishments for such offenders, but rather to subject them to "certain" punishment by lowering the unanimity hurdle against which many molestation prosecutions evidently had stumbled. Our reading of the statute is consistent with this aim.

■ Defendant points us to a portion of the legislative history, a memorandum prepared in the Office of the Attorney General, who was the source of the legislation, to support his reading of section 288.5. Resort to the legislative history is unnecessary when, as here, the statutory language is clear and unambiguous. Even were we inclined to grant defendant's request for judicial notice of such history, the cited memorandum is irrelevant to our interpretation of section 288.5. ■ "In construing a statute we do not consider the objective of an authoring legislator when there is no reliable indication that the Legislature as a whole was aware of that objective and believed the language of the proposal would accomplish it." (*Calvillo-Silva v. Home Grocery* (1998) 19 Cal.4th 714, 726-727 [80 Cal.Rptr.2d 506, 968 P.2d 65].)

---

pleading requirement of section 288.5, subdivision (c) is a specific statute as against section 954's general authorization for pleading multiple offenses. Notably, *People v. Hord, supra,* at pages 720-721, emphasized that section 288.5, subdivision (c) precludes a prosecutor from charging continuous sexual abuse in addition to other sex offenses, except in the alternative, unless the crimes charged involve different time periods.

## CONCLUSION

 Prosecutors in sexual abuse cases possess a variety of means to seek convictions and severe punishments in cases involving sexual offenses against vulnerable young victims. They may, for example, plead and prove discrete sexual offenses and seek consecutive sentencing when permitted; they may bring a charge of continuous sexual abuse, with its relatively severe range of punishments (§ 288.5, subd. (a)); they may charge continuous sexual abuse and discrete sexual offenses outside the period of the alleged continuous abuse (*People v. Cortes* (1999) 71 Cal.App.4th 62, 80 [83 Cal.Rptr.2d 519]); in appropriate circumstances, they may plead and prove the allegations required by section 667.61, the "One Strike" law; or they may charge discrete sexual offenses and continuous sexual abuse in the alternative. Because, however, section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time, only in the alternative, they may not obtain multiple convictions in the latter circumstance. The information in this case failed to comply with section 288.5, subdivision (c). The multiple convictions predicated on this pleading thus are inconsistent with the statute, and the Court of Appeal correctly reversed the convictions on counts 2 through 6. The judgment of the Court of Appeal is therefore affirmed.[6]

George, C. J., Kennard, J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[6] *People v. Valdez, supra,* 23 Cal.App.4th 46, is disapproved to the extent it is inconsistent with this opinion.