Filed 7/27/22  P. v. Sharrieff CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093701 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE009227) |
| v. | |
| TAJMAL SHARRIEFF, | |
| Defendant and Appellant. | |

Defendant Tajmal Sharrieff was convicted by a jury of seven counts of committing lewd and lascivious acts with a child under the age of 14 in violation of Penal Code section 288, subdivision (a).[1]  He raises three arguments in this appeal:  (1) That his constitutional rights were violated because the court admitted evidence of two prior sexual offenses pursuant to Evidence Code section 1108; (2) that he should have been

---

[1]  Undesignated statutory references are to the Penal Code.

charged with one count of continuous sexual abuse of a child (§ 288.5) rather than seven counts of lewd and lascivious acts with a child (§ 288, subd. (a)); and (3) that approximately $6,000 in restitution and fees must be stricken or stayed unless and until the court determines whether he has the ability to pay. We reject all three arguments and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because defendant's appeal raises primarily legal issues, the factual background is abbreviated.

In 2007, defendant began living with A.C. and her 7-year-old son Isaiah.[2] Defendant lived with A.C and Isaiah for about a year and a half. Over the course of that year and a half, defendant sexually molested Isaiah on multiple occasions.

Isaiah did not tell his mother about the incidents until 2015. Following the disclosure, his mother put him in therapy, and the therapist disclosed the abuse allegations to law enforcement. Isaiah spoke with a detective in August 2016, and told the detective he had been forced to engage in sex acts with defendant.

Defendant was charged with seven counts of lewd and lascivious acts with a child under the age of 14 in violation of section 288, subdivision (a). All counts were alleged to have occurred between August 12, 2007, and August 11, 2009. In addition, three prior felony convictions were alleged under the three strikes law, one of which was for rape by force within the meaning of sections 667.61, subdivision (d)(1) and 667.71.[3] Defendant pled not guilty and denied all allegations.

---

[2] Pursuant to California Rules of Court, rule 8.90(b)(4), (10), (11) we identify sexual abuse victims by their first names or initials.

[3] The three prior convictions were for rape by force in 1981; assault with intent to commit rape in 1981; and first degree residential burglary in 1986.

Defendant's first trial ended in a mistrial when the jury deadlocked after three days of deliberations. Following a second trial he was convicted on all counts, and the prior strike allegations were found to be true. On February 26, 2021, he was sentenced to seven consecutive terms of 75 years to life plus an additional 70 years for the prior serious felony enhancements. The court also imposed over $6,000 in various fines and fees.

Defendant filed a timely notice of appeal.[4]

## DISCUSSION

### I

### *Prior Conduct Evidence*

In 1981, when defendant was 18, he was convicted of two sexual offenses (assault with attempt to commit rape and forcible rape) involving different women. Prior to the trial in this case, the prosecutor sought to introduce evidence of both offenses pursuant to Evidence Code section 1108. Defendant objected, arguing the offenses were too remote in time and involved different circumstances. The prosecutor agreed to present the prior offenses through a stipulation and certified records of the convictions rather than through testimony from the victims. The trial court overruled defendant's objection and admitted the evidence.

Defendant argues the admission of this evidence violated his due process rights. He forthrightly acknowledges, however, that our Supreme Court ruled otherwise in *People v. Falsetta* (1999) 21 Cal.4th 903, 911 (*Falsetta*).

Evidence Code section 1101 sets forth the general rule that "evidence of a person's character or a trait of his or her character (whether in the form of an opinion,

---

[4] The notice of appeal in this case was filed on March 2, 2021. After multiple extensions of time requested by both parties, this case was fully briefed on May 12, 2022, and subsequently assigned to this panel.

3

evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion." (Evid. Code, § 1101, subd. (a).) Such evidence is frequently referred to as propensity evidence. (*Falsetta, supra*, 21 Cal.4th at p. 910.) Evidence Code section 1108 creates an exception to the general rule in sex offense cases. It provides, "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by [Evidence Code s]ection 1101, if the evidence is not inadmissible pursuant to [Evidence Code s]ection 352 [permitting court to exclude evidence if its probative value is substantially outweighed by its prejudicial impact]." (Evid. Code, § 1108, subd. (a).) In *Falsetta*, our Supreme Court explained that Evidence Code section 1108 was enacted "to relax the evidentiary restraints [Evidence Code] section 1101, subdivision (a), imposed, to assure that the trier of fact would be made aware of the defendant's other sex offenses in evaluating the victim's and the defendant's credibility. In this regard, [Evidence Code] section 1108 implicitly abrogates prior decisions of this court indicating that 'propensity' evidence is per se unduly prejudicial to the defense." (*Falsetta, supra*, 21 Cal.4th at p. 911.)

Like defendant here does, the defendant in *Falsetta* argued that Evidence Code section 1108 violated the due process clause because it offends principles of justice "so rooted in the traditions and conscience of our people as to be ranked as fundamental." (*Falsetta, supra*, 21 Cal.4th at p. 913.) The *Falsetta* court disagreed. Although it acknowledged that the rule excluding propensity evidence was a longstanding one, it ultimately held Evidence Code section 1108 "does not offend due process."[5] (*Falsetta*, at p. 916.)

---

[5] A primary basis for the court's conclusion that Evidence Code section 1108 does not offend due process was the fact that it expressly states the trial court has discretion to exclude propensity evidence pursuant to Evidence Code section 352. (*Falsetta, supra*,

4

Defendant argues "*Falsetta* cannot be squared with the common law and should be reconsidered."  He acknowledges, however, that we are required to follow *Falsetta*.[6]  We are, and we thus reject defendant's argument that the admission of his two prior sex offense convictions violated his due process rights.[7]

II

*Section 288.5 Does Not Preclude Prosecution Under Section 288, Subdivision (a)*

Defendant was convicted of seven counts of violating section 228, subdivision (a).  He argues that prosecution under section 228, subdivision (a) is precluded by section

---

21 Cal.4th at p. 917 ["we think the trial court's discretion to exclude propensity evidence under [Evidence Code] section 352 saves [Evidence Code] section 1108 from defendant's due process challenge"].)  Evidence Code section 352 provides, "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."  The trial court in this case performed such a balancing and admitted the evidence.  Defendant does *not* challenge the trial court's decision on Evidence Code section 352 grounds, and, indeed, he never mentions Evidence Code section 352 in his briefs.

[6]  He states he raises the issue here solely to preserve it for federal review.

[7]  In a footnote in his opening brief, defendant makes one other argument about the evidence of his prior sexual offenses.  He argues the jury was instructed his prior offenses needed to be proved by a preponderance of the evidence, which "improperly undercut the state's burden of proof beyond a reasonable doubt."  "An appellant cannot bury a substantive legal argument in a footnote and hope to avoid waiver of that argument." (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 419.)  We thus need not consider this argument.  Even if we considered it we would reject it because, as defendant once again acknowledges, our Supreme Court rejected it in *People v. Reliford* (2003) 29 Cal.4th 1007, 1016, when it held "[n]othing in the [jury] instructions [on this issue] authorized the jury to use the preponderance-of-the-evidence standard for anything other than the preliminary determination whether defendant committed a prior sexual offense . . . .  The instructions instead explained that, in all other respects, the People had the burden of proving defendant guilty 'beyond a reasonable doubt.' "  Again, defendant states he raises this argument only to preserve it for federal review.

5

228.5, because it is a more specific statute covering the same acts as section 228, subdivision (a). We disagree.

Section 288, subdivision (a) provides that any person who commits a lewd or lascivious act on a child under the age of 14 is guilty of a felony and shall be imprisoned for three, six, or eight years. Section 288.5 provides that any person who (1) resides in the same home with the child or has recurring access to the child, and (2) who commits three or more lewd or lascivious acts as defined in section 228 over a period of not less than three months, is guilty of continuous sexual abuse of a child and shall be imprisoned for six, 12, or 16 years. A violation of section 288.5 thus consists of three or more violations of section 288, subdivision (a), within a period of not less than three months, by someone who lives with the child. As defendant accurately notes, he was charged with, and convicted of, seven separate counts of violating section 288, subdivision (a) over a two-year period, during which time he lived with Isaiah and his mother. Defendant argues that, in this circumstance, he could only be prosecuted and convicted under section 288.5.

Defendant's argument is based on case law that holds "when the Legislature has enacted a specific statute addressing a specific matter, and has prescribed a sanction therefore, the People may not prosecute under a general statute that covers the same conduct, but which prescribes a more severe penalty, unless a legislative intent to permit such alternative prosecution clearly appears." (*Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1250, italics omitted; see also *People v. DeLaCruz* (1993) 20 Cal.App.4th 955, 958 ["Prosecution under a general statute is precluded when the facts of the alleged offense parallel the acts proscribed by a special statute"].) This rule (or doctrine) is sometimes referred to as the "*Williamson* rule," after *In re Williamson* (1954) 43 Cal.2d 651. "Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute." (*People v. Murphy* (2011)

6

52 Cal.4th 81, 86.) "The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (*People v. Jenkins* (1980) 28 Cal.3d 494, 505.)

Defendant argues the *Williamson* rule applies here, and that because section 228 is a general statute and section 288.5 is a specific statute that covers the same conduct, he can only be prosecuted under section 288.5. We disagree. As noted, the *Williamson* rule is "designed to ascertain and carry out legislative intent." (*People v. Jenkins, supra*, 28 Cal.3d at p. 505.) Here, the text of section 288.5 itself evidences that it was *not* the Legislature's intent to preclude prosecution under section 288. Subdivision (c) of section 288.5 provides, "No other . . . lewd or lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section *unless* [1] *the other charged offense occurred outside the time period charged under this section or* [2] *the other offense is charged in the alternative*." (Italics and bracketed numbers added.) Section 288.5 thus permits a defendant to be charged with both a violation of section 288 and a violation of section 288.5 in two circumstances.

First, a defendant may be charged with violating both sections if the section 288 violation(s) "occurred outside the time period charged under" section 288.5. (§ 288.5, subd. (c).) For example, a defendant charged with continuous sexual abuse of a child between August 1, 1995, and December 1, 1995, in violation of section 288.5, could also be charged under section 288 with lewd and lascivious acts with that child in March and April of 1996 (i.e., because they occurred outside the time period charged under § 288.5), but could not also be charged with two lewd and lascivious acts in October 1995 (i.e., because they occurred inside the time period charged under § 288.5). If a defendant can be charged with violating both section 288 and section 288.5 so long as the time periods do not overlap, we ascertain no legislative intent to require prosecution solely under section 288.5.

Second, a section 288.5 violation and multiple section 288 violations may be "charged in the alternative." (§ 288.5, subd. (c).) And if multiple section 288 violations may be charged as an alternative to a section 288.5 violation, we see no reason they cannot be charged instead of a section 288.5 violation.

Although the facts are different, we find support for our conclusion in *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*). There, the defendant was charged with, and convicted of, (1) one count of continuous sexual abuse of a child between September 19, 1995, and February 28, 1998, in violation of section 288.5, and (2) multiple counts of forcible lewd acts on that child between various dates within that same time period, in violation of section 288, subdivision (b).[8] (*Johnson*, at p. 243.) The issue was whether the defendant could be convicted on both the continuous sexual abuse count and the individual forcible lewd act counts. Our Supreme Court held he could not, because section 288.5 " 'prohibits the prosecution from charging the defendant with a violation of section 288.5 and any other sexual felony occurring during the same time period, *unless* the offenses are charged in the alternative.' " (*Johnson*, at pp. 244-245.) And "if a defendant may be *charged* with two different offenses only in the *alternative*, then he or she may not properly be *convicted* of those offenses in the *conjunctive*." (*Id*. at p. 245.) The key to the *Johnson* holding was the fact that *all* of the section 288, subdivision (b)

---

[8] Specifically, "Defendant was charged with continuous sexual abuse of a child under age 14 between September 19, 1995, and February 28, 1998, in violation of section 288.5, subdivision (a) (count 1); forcible lewd act on a child between September 19, 1995, and September 18, 1996 (count 2); forcible lewd act on a child between September 19, 1996, and September 18, 1997 (count 3); sodomy of a person under age 14 by a person 10 or more years older between September 19, 1996, and September 18, 1997, in violation of section 286, subdivision (c) (count 4); forcible lewd act on a child between September 19, 1997, and September 28, 1998 (count 5); and forcible lewd act on a child between September 19, 1997, and February 28, 1998 (count 6). Counts 2, 3, 5 and 6 alleged violations of section 288, subdivision (b)." (*Johnson, supra*, 28 Cal.4th at p. 243.)

counts occurred in the same time period as the section 288.5 count, and in this circumstance, section 288.5 provides the section 288, subdivision (b) counts must be "charged in the alternative."

As relevant to this case, the *Johnson* court concluded by noting the following: "Prosecutors in sexual abuse cases possess a variety of means to seek convictions and severe punishments in cases involving sexual offenses against vulnerable young victims. *They may, for example, plead and prove discrete sexual offenses and seek consecutive sentencing when permitted*; they may bring a charge of continuous sexual abuse, with its relatively severe range of punishments (§ 288.5, subd. (a)); they may charge continuous sexual abuse and discrete sexual offenses outside the period of the alleged continuous abuse (*People v. Cortes* (1999) 71 Cal.App.4th 62, 80); . . . or they may charge discrete sexual offenses and continuous sexual abuse in the alternative." (*Johnson, supra*, 28 Cal.4th at p. 248, italics added.) Here, the People chose the first option (i.e., they pled and proved seven discrete sexual offenses and they sought and received consecutive sentencing), which *Johnson* approved.

The result that we reach in this case was also reached in *People v. Hord* (1993) 15 Cal.App.4th 711 (*Hord*), albeit for different reasons. The defendant in *Hord* was convicted of one count of lewd and lascivious acts with a child " 'on or about 1989' " (§ 288, subd. (b)), and one count of continuous sexual abuse of a child " 'on or about 1990 to March, 1991' " (§ 288.5), both arising from his molestation of his stepdaughter. (*Hord*, at p. 716.) Citing the same rule that defendant cites here, the defendant in *Hord* argued he could not be convicted of violating both section 288 and section 288.5. The court disagreed.

The court began its analysis by tracing the history surrounding the enactment of section 288.5. It noted that section was enacted in response to *People v. Van Hoek* (1988) 200 Cal.App.3d 811, which "was a case involving a resident child molester. The victim gave generic testimony of repeated molestations without specifying a time, place

9

or other particulars. Defendant was found guilty at trial of seven counts of child molestation based on this testimony. We held it was a due process violation to convict a defendant based on only the uncorroborated, unspecific testimony of the victim." (*Hord, supra*, 15 Cal.App.4th at p. 718.) The *Van Hoek* court thus reversed the defendant's convictions on all seven counts. (*Van Hoek, supra*, 200 Cal.App.3d at p. 818.)

The *Hord* court then explained that, in enacting section 288.5, the Legislature stated, " 'because of the court's decision in *People v. Van Hoek*, 200 Cal.App.3d 811, there is an immediate need for additional statutory protection for the most vulnerable among our children, those of tender years, some of whom are being subjected to continuing sexual abuse by those commonly referred to as "resident child molesters." These molesters reside with, or have recurring access to, a child and repeatedly molest the child over a prolonged period of time but the child, because of age or the frequency of the molestations, or both, often is unable to distinguish one incident from another in terms of time, place, or other particulars, and as a consequence prosecutors are unable to provide the specificity of charges necessary to overcome the constitutional due process problems raised in the *Van Hoek* case within the framework of existing statutory law. As a consequence, some of our most vulnerable children continue to be at risk and some of our worst offenders continue to go unpunished. [¶] '. . . It is the intent of the Legislature in enacting this act to provide additional protection for children subjected to continuing sexual abuse and certain punishment for persons referred to as "resident child molesters" by establishing a new crime of continuing sexual abuse of a child.' " (*Hord, supra*, 15 Cal.App.4th at pp. 718-719, quoting Stats. 1989, ch. 1402, § 1, p. 6138.)

Finally, the *Hord* court noted that, a year after section 288.5 was enacted, our Supreme Court disapproved *Van Hoek* in *People v. Jones* (1990) 51 Cal.3d 294, and held that " '[e]ven generic testimony (e.g., an act of intercourse "once a month for three years") outlines a series of *specific*, albeit undifferentiated, incidents, *each* of which

10

amounts to a separate offense, and *each* of which could support a separate criminal sanction.' " (*Hord, supra*, 15 Cal.App.4th at p. 719, quoting *People v. Jones*, at p. 314.)

Turning to the issue at hand, the *Hord* court then held as follows: "[W]e conclude sections 288.5 and 288 are not subject to the *Williamson* rule. 'The doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent.' (*People v. Jenkins* (1980) 28 Cal.3d 494, 505.) The Legislature's intent in passing section 288.5 was not to enact a specific statute to apply in lieu of a general statute. *The intent was to enact a statute for an area which the Legislature believed was not covered by any other law*. That this statute's necessity was nullified by the *Jones* decision does not transform this statute into a specific statute under the *Williamson* rule since this was clearly not the Legislature's intent at the time of the enactment." (*Hord, supra*, 15 Cal.App.4th at p. 720, italics added.)

Defendant argues *Hord* "misses the mark" and "should not be followed." We disagree, and find it to be well reasoned. We also agree with another case that held, albeit in different circumstances, "It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties and prior-strike consequences than available for a conviction under section 288.5." (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1177.)[9]

---

[9] The defendant in *Alvarez* was charged with one count of continuous sexual abuse of a child (count 1), and with three counts of lewd acts upon that same child (counts 2-4). The defendant pled not guilty and waived his right to a jury trial. After the trial concluded but before the trial court issued its decision, it stated that if it found the defendant guilty of count 1, the prosecutor was precluded from filing the other charges. The prosecutor then moved to dismiss count 1. The court granted the motion, and found the defendant guilty on counts 2 through 4. (*People v. Alvarez, supra*, 100 Cal.App.4th at pp. 1173-1174.) On appeal, the defendant argued the trial court erred in dismissing the continuous sexual abuse count rather than the three counts for lewd acts. The court disagreed. While it agreed that the defendant should not have been charged with both

Moreover, in *Johnson*, our Supreme Court expressly stated that nothing in its decision "is inconsistent with *People v. Hord* (1993) 15 Cal.App.4th 711, 720, where the Court of Appeal concluded that the Legislature's purpose in passing section 288.5 was not to enact a specific statute in order to preclude prosecution for other generally applicable sexual offenses." (*Johnson, supra*, 28 Cal.4th at p. 246, fn. 5.) Although this statement was arguably dicta, it is nonetheless persuasive dicta, and we take it as an implied endorsement of *Hord*'s holding that section 288.5 does not preclude prosecution under section 288.

### III

### *Fines and Fees*

At sentencing, the court imposed the following fines and fees: (1) a $5,000 restitution fine pursuant to section 1202.4, subdivision (b) (and a suspended $5,000 parole revocation fine pursuant to § 1202.45); (2) $600 in direct restitution to the victim pursuant to section 1202.4, subdivision (f); (3) a $210 court facility fee pursuant to Government Code section 70373, subdivision (a)(1); and (4) a $280 court security fee pursuant to section 1465.8, subdivision (a)(1). Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues the fines and fees must be stricken or stayed because they were imposed without consideration of his ability to pay. In *Dueñas*, the court concluded it violated due process to impose court fees without a determination of the defendant's ability to pay, and execution of a restitution fine must be stayed until the

---

count 1 and counts 2 through 4 (unless they were alleged in the alternative), it found he waived any challenge to the propriety of the charges by not filing a demurrer, and "[b]y failing to demur, appellant cannot now claim that the prosecution lost its right to proceed on all of the counts and to elect to seek conviction of the specific sexual offenses. The trial court therefore properly granted the prosecution's motion to dismiss the continuing sexual abuse charge and convicted appellant on the lewd conduct counts." (*Id.* at p. 1177.)

trial court holds a hearing and concludes the defendant has the present ability to pay the fine. (*Dueñas*, at pp. 1164, 1168.)

Defendant admits he did not object to the fines or fees in the trial court, and he did not present any evidence on his ability to pay. The People argue he has thus forfeited the issue. We agree.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) This rule applies to alleged sentencing errors, including the imposition of fees and fines. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856-861 [defendant forfeited challenge to booking fee by failing to object in trial court]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [defendant forfeited challenge to restitution fine by failing to object in trial court]; *People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve sentencing issue for appellate review, defendant must raise it in trial court].) This rule has recently been applied to the failure to raise a *Dueñas* argument in the trial court. (See *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1052-1053 [*Dueñas* arguments forfeited by failure to raise in trial court]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [same].) By failing to raise a *Dueñas* argument at his sentencing hearing, defendant forfeited the right to raise the issue on appeal.

Defendant argues he has not forfeited his right to raise the issue because he was sentenced on February 26, 2019, *Dueñas* was not yet final at that time,[10] and it would not be fair to expect him to raise an argument based on such a new case. His argument is based on an exception to the forfeiture rule that allows a defendant to raise an issue for the first time on appeal where "the pertinent law . . . changed so unforeseeably that it is

---

[10] *Dueñas* was issued on January 8, 2019; the Supreme Court extended the time for granting or denying review on February 26, 2019, and it denied review on March 27, 2019.

unreasonable to expect trial counsel to have anticipated the change." (*People v. Turner* (1990) 50 Cal.3d 668, 703; see also *People v. Welch* (1993) 5 Cal.4th 228, 237 ["Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence"].) Although there is currently a split among the Courts of Appeal, several have held that *Dueñas* "constituted a marked departure from existing law," and have thus excused the failure to contest the fines and fees in the trial court. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1119; but see *People v. Frandsen, supra*, 33 Cal.App.5th at p. 1154 ["*Dueñas* was foreseeable. Dueñas herself foresaw it"].) We need not weigh into this split, however, because defendant has his dates wrong—he was sentenced on February 26, *2021*, not on February 26, *2019*. At the time the fees and fines he challenges were imposed, *Dueñas* had been on the books for almost two years, and there is nothing unfair about requiring him to raise his arguments in the trial court.

Defendant argues in the alternative that if we find his *Dueñas* claim was forfeited, then the failure to object in the trial court constituted ineffective assistance of counsel. We do not consider defendant's ineffective assistance argument because it was raised for the first time in his reply brief, and "[i]t is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075; see also *People v. Bona* (2017) 15 Cal.App.5th 511, 517 ["ineffective assistance claim is forfeited because it was not raised in the opening brief"]; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [same].)

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, J.

We concur:


_____/s/_____
HULL, Acting P. J.


_____/s/_____
RENNER, J.