Filed 9/11/24  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097731 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F06838) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| LAMON EDWARD JACKSON, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on August 19, 2024, be modified as follows:

1.  On page 3, the first sentence of the first paragraph beginning with "The trial court sentenced Jackson to prison" is deleted and the following sentence is inserted in its place:

1

The trial court sentenced Jackson to prison for life with the possibility of parole for the attempted murder plus 20 years for the associated firearm enhancement.

This modification does not change the judgment.  The petition for rehearing is denied.

FOR THE COURT:


_____/s/_____
ROBIE, Acting P. J.


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
MESIWALA, J.

Filed 8/19/24  P. v. Jackson CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAMON EDWARD JACKSON,<br><br>    Defendant and Appellant. | C097731<br><br>(Super. Ct. No. 98F06838) |

Defendant Lamon Edward Jackson appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  He contends the trial court erred in

---

[1] Undesignated statutory references are to the Penal Code.

 Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute. Although Jackson filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

1

denying his petition at the prima facie stage because: (1) the jury could have found him guilty of attempted murder under a theory equivalent to the natural and probable consequences doctrine; (2) section 1172.6 provides relief to those convicted of attempted murder under theories of imputed malice other than the natural and probable consequences doctrine; and (3) the court improperly relied on facts stated in our prior appellate opinion. Jackson also argues that section 1172.6 violates equal protection by providing more expansive relief to those convicted of murder than to those convicted of attempted murder. Finding no merit to these contentions, we affirm.

BACKGROUND

In 1999, a jury found Jackson guilty of attempted murder (§§ 664, 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and discharging a firearm at a motor vehicle (§ 246). The jury found true that: (1) the attempted murder was willful, deliberate, and premeditated; (2) Jackson personally used a firearm as to the assault with a firearm and discharging a firearm at a motor vehicle (§ 12022.5, subd. (a)); and (3) Jackson personally used and personally and intentionally discharged a firearm as to the attempted murder (§ 12022.53, subds. (b)-(c)).

The trial court instructed the jury that "Defendant is accused . . . of having committed the crime of attempted murder . . . . [¶] . . . [¶] In order to prove attempted murder, each of the following elements must be proved; [¶] 1. A direct but ineffectual act was done by one person towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The court also told the jury that "[t]here has been evidence in this case indicating that a person other than defendant was or may have been involved in the crime" but instructed the jury not to "discuss or give any consideration as to why the other person is not being prosecuted in this trial." The jury received no instructions on aiding and abetting liability or the natural and probable consequences doctrine.

2

The trial court sentenced Jackson to prison for life without the possibility of parole for the attempted murder plus 20 years for the associated firearm enhancement. The court also imposed a five-year concurrent term for discharging a firearm at a motor vehicle but did not impose sentence for the associated firearm enhancement due to it being an element of the underlying offense. The court stayed the sentences for assault with a firearm and the remaining firearm enhancements.

In 2022, Jackson petitioned under section 1172.6 for resentencing. The trial court denied the petition at the prima facie stage because the record of conviction conclusively refuted Jackson's assertion that he could not presently be convicted of attempted murder. Jackson filed a timely notice of appeal with this court in December 2022. After delays in preparation of the record as well as multiple requests for extensions to continue the briefing schedule by both parties, this case became briefed on June 14, 2024.

## DISCUSSION

*Prima Facie Eligibility for Section 1172.6 Relief*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) (Stats. 2018, ch. 1015, § 4) "narrowed or eliminated certain forms of accomplice liability for murder," including "the use of the natural and probable consequences doctrine to obtain a murder conviction." (*People v. Curiel* (2023) 15 Cal.5th 433, 440.) Senate Bill No. 1437 amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill No. 1437 also added what is now section 1172.6, which applies these changes retroactively by permitting qualifying individuals to petition to have their murder conviction vacated and to be resentenced on any remaining counts.

With Senate Bill No. 775 (2021-2022 Reg. Sess.), the Legislature expanded the scope of Senate Bill 1437 to include those convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2.) Section 1172.6, subdivision (a) now provides that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition" for recall and resentencing if certain conditions are met. (Italics added.) One of those conditions is that the petitioner could not now be convicted of murder or attempted murder under the current versions of sections 188 and 189. (§ 1172.6, subd. (a)(3).)

Once a complying petition is filed, the trial court appoints counsel if requested, the parties submit briefs, and the trial court makes a prima facie determination of eligibility. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 966.) The prima facie inquiry is "limited" and courts must take " ' "petitioner's factual allegations as true." ' " (*Id*. at p. 971.) " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

Jackson first argues the trial court erred in denying his section 1172.6 petition because the jury could have found him guilty "based upon a theory tantamount to the natural and probable consequences doctrine." In support, Jackson points to the instruction stating there was evidence "a person other than defendant was or may have been involved in the crime" and the attempted murder instruction stating only that a "person" must have committed the act and harbored the requisite intent. Because the attempted murder instruction does not specify that Jackson had to be that person, the argument goes, the jury could have found him guilty "upon vicarious liability tantamount to the natural and probable consequences doctrine."

4

We are not persuaded. The jury was not permitted to convict Jackson under the natural and probable consequences doctrine or even as an aider and abettor because the jury received no instructions on those theories of criminal liability. Jackson is thus ineligible for section 1172.6 relief as a matter of law. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [affirming denial of § 1172.6 petition because the jurors were not instructed on the natural and probable consequences doctrine]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["[I]f the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

The contrary result is not warranted just because the attempted murder instruction sometimes uses the term "person" instead of specifying the defendant. The instruction never indicates that the person referred to is anyone other than Jackson. Further, other instructions make clear that the elements of attempted murder must be proven as to Jackson specifically. For instance, the trial court instructed the jury that it could not use circumstantial evidence to prove Jackson's intent unless the circumstances were "consistent with the theory that the defendant had the required [specific intent] [or] [mental state]." It also bears mention that the jury found Jackson personally and intentionally discharged a firearm during the commission of the attempted murder, which is consistent with a theory of direct liability.

Jackson next argues we should interpret section 1172.6 to extend relief to those convicted of attempted murder under *any* theory under which malice is imputed to a person based solely on the person's participation in a crime. This argument is unavailing as section 1172.6 expressly limits relief to only those convicted of attempted murder under the natural and probable consequences doctrine. (See *People v. Coley*, *supra*, 77 Cal.App.5th at p. 548 [§ 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; see also *People v. Johnson* (2002)

28 Cal.4th 240, 244 ["If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction"].)

Jackson insists this limitation leads to absurd results because those convicted of murder are afforded broader relief than those convicted of attempted murder. We fail to see how this is an absurd result. The Legislature could have rationally decided to provide the broadest grounds for sentencing relief to those convicted of the crime of murder—an offense punished by the longest sentence and where the unfairness of a conviction and sentence based solely on participation in the crime is most acute—while at the same time affording less expansive relief to those convicted of attempted murder.

Finally, Jackson argues the trial court erred in relying on the facts stated in our prior opinion when denying his petition. Given our conclusion that the record of conviction conclusively shows Jackson is ineligible for relief as a matter of law, any error in the trial court's reliance on facts from our prior opinion is harmless. (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1104; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1239.)

*Equal Protection*

Jackson submits that granting relief to individuals convicted of murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime" but not to individuals convicted of attempted murder under such a theory violates federal and state guarantees of equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) Jackson has forfeited this claim by failing to raise it below. (See *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14; *People v. Rogers* (2006) 39 Cal.4th 826, 854.) Jackson contends that he may raise the constitutional issue for the first time on appeal because it represents a "pure question of law." We disagree. Failure to make the argument below deprived the People of an opportunity to produce evidence justifying differential treatment between those convicted of attempted murder and those convicted of murder.

6

# DISPOSITION

The postjudgment order denying Jackson's section 1172.6 petition is affirmed.

/s/
_____
BOULWARE EURIE, J.

We concur:

/s/
_____
ROBIE, Acting P. J.

/s/
_____
MESIWALA, J.