Filed 8/13/25  P. v. Wilds CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JASON PAUL WILDS,<br><br>    Defendant and Appellant. | F086648<br><br>(Super. Ct. No. MCR064477)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Katherine Rigby, Judge.

Jason Paul Wilds, in pro. per.; and Richard Oberto, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Meehan, J. and Fain J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appointed counsel for defendant Jason Paul Wilds asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. We then offered defendant the opportunity to present his own brief by way of a letter. Defendant submitted a letter brief raising a number of issues. Following our complete review of the record on appeal and the separate issues raised by defendant, we affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Madera County filed a complaint on August 28, 2019, charging defendant with four counts of committing lewd and lascivious acts on a child. After defendant rejected the prosecution's offer to recommend a nine-year sentence in exchange for his plea of guilty, the trial court suspended criminal proceedings and appointed an expert to examine defendant's mental competency. Criminal proceedings resumed, and the district attorney filed an information charging defendant with seven counts of lewd and lascivious acts on a child (Pen. Code, § 288, subd. (a))[1] and one count of continuous sexual abuse of a child (§ 288.5, subd. (a)). Defendant pleaded not guilty and not guilty by reason of insanity, and the trial court ordered further mental examinations pursuant to section 1026 for defendant.

On March 25, 2021, the district attorney filed a separate criminal complaint charging defendant with additional counts of lewd and lascivious acts on a child. The trial court consolidated the cases. The district attorney filed a second amended information on February 14, 2023, charging defendant with lewd and lascivious acts on a child (§ 288, subd. (a); counts 1–4) and continuous sexual abuse of a child (§ 288.5, subd. (a); count 5) and alleging aggravating sentencing factors that the victim was

---

[1]     Undesignated statutory references are to the Penal Code.

2.

particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3))[2] and defendant took advantage of a position of trust or confidence (rule 4.421(a)(11)).

Defendant requested a *Marsden*[3] hearing on September 24, 2021, and again on November 1, 2021, both of which the trial court denied after conducting a hearing. At the latter hearing, the trial court suspended criminal proceedings and appointed an expert to again examine defendant's mental competency. Criminal proceedings later resumed after the trial court found defendant competent to stand trial. Defendant filed a peremptory challenge to remove the judge (Code Civ. Proc., § 170.6), which the trial court denied as untimely.

Defendant pleaded guilty to counts 3 and 5 on April 28, 2023, and admitted the aggravating sentencing factors as part of an agreement with the prosecution to recommend an 18-year sentence. Defendant executed a declaration in which he acknowledged awareness of the charges, his desire to plead guilty, his attorney's explanation of the nature of the charges and defenses, receipt of advice as to his constitutional rights and understanding of those rights, and that his decision to plead guilty was voluntary and not coerced. Defendant's declaration also set forth the penalties for the charges and his agreement to a 16-year term of imprisonment as to count 5 and a consecutive two-year term as to count 3.

The trial court granted the prosecutor's motion to amend count 3 of the second amended information to reduce the time frame of the offense to August 25, 2019.[4] In response to questioning by the trial court, defendant acknowledged that he had not been

---

[2]    Undesignated rule references are to the California Rules of Court.

[3]    *People v. Marsden* (1970) 2 Cal.3d 118.

[4]    The amendment struck the language "and between August 7, 2017 and August 26, 2019" and eliminated any overlap of the offense charged in count 5, which charged defendant with continuous sexual abuse of a minor between August 7, 2017, and August 23, 2019.

3.

promised any sentence less than 18 years, he had received sufficient time to discuss the plea with his attorney, his decision to plead guilty was freely and voluntarily made, he understood his right to a jury trial, and he was giving up his constitutional rights as set forth in his declaration. Defendant agreed the preliminary hearing transcript provided a factual basis for his plea and said he understood he would be ordered to pay restitution and other fines. Defendant pleaded guilty to counts 3 and 5 and admitted the aggravating sentencing factors. The court accepted defendant's pleas and admissions. The court found that defendant's pleas were supported by a factual basis, he understood the nature of the charges and consequences of his pleas, and he freely and voluntarily entered his pleas and admissions after having been advised of and waiving his constitutional rights.

The trial court sentenced defendant on July 13, 2023, to an aggregate term of 18 years in prison (16 years as to count 5 & a consecutive two-year term as to count 3) and further ordered defendant to pay victim restitution (§ 1202.4, subd. (f)); $300 restitution and stayed parole revocation restitution fines (§§ 1202.4, subd. (b), 1202.45); a $960 fine (§ 672) that includes a $60 criminal conviction assessment (Gov. Code, § 70373) and an $80 court operations assessment (§ 1465.8, subd. (a)); a $1,230 sexual habitual offender fine (§ 290.3); and an $820 sexual offense restitution fine (§ 294, subd. (a)). In response to defendant's request for return of his phone and tablet, the prosecutor advised that some items on the devices needed to be removed and defendant's father should make an appointment with the police department.

Defendant filed a timely notice of appeal on July 31, 2023, in which he indicates that he intends to challenge the validity of his plea and argues that his conviction of section 288.5, subdivision (a) violates prohibitions against double jeopardy and the prosecutor threatened to increase the charges if defendant did not plead guilty.

Defendant alleged in his request for a certificate of probable cause that his attorney threatened to quit the case if he did not accept the plea offer; section 288.5 cannot be charged in the same proceeding or as to the same time periods as offenses

pursuant to section 288; police officers threatened him to talk or they would bring worse charges; and defendant lost the opportunity to accept the initial nine-year plea offer because his former attorney did not communicate it to him or explain to him the nature of a plea offer, pressured him to accept the plea, and failed to provide any legal advice.

The trial court denied defendant's request for a certificate of probable cause.

## DISCUSSION

After defendant's counsel filed a *Wende* brief, defendant provided a 15-page letter raising the following issues: (1) defendant spoke with police after his arrest because they threatened to arrest him on "worse charges" and he was suffering from "serotonin syndrome"; (2) former counsel rendered ineffective assistance of counsel and failed to explain the original plea offer from the prosecution; (3) a second defense attorney violated client confidentiality; (4) a third defense attorney had been hired by the victim's mother, failed to adequately communicate with him, and was responsible for the lapse of a plea offer; (5) the court erred in denying his *Marsden* motions; (6) he was promised that he could appeal his sentence and request a lower sentence; and (7) the police refused to release his phone or tablet.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere … except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." A certificate of probable cause is a condition precedent to any appeal within the scope of section 1237.5. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098–1099; rule 8.304(b)(1).) "The certificate functions as a notice of appeal in cases involving negotiated dispositions, which notices are of a 'fundamental jurisdictional nature.' " (*People v. Allison* (2019) 39 Cal.App.5th 688, 698, quoting *In re Chavez*

(2003) 30 Cal.4th 643, 652.) Because defendant failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the plea, and defendant is consequently not entitled to *Wende* review for such issues.

Under section 1237.5, it is generally accepted that only two types of issues may be raised in an appeal following a plea of guilty or nolo contendere without the issuance of a certificate of probable cause: "(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74.) " ' "By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.] '[I]ssues which merely go to the guilt or innocence of a defendant are "removed from consideration" by entry of the plea.' " ' " (*People v. Moore* (2003) 105 Cal.App.4th 94, 99.)

Therefore, we do not address defendant's claim as to the voluntariness of his statement to police. In this case, defendant did not file a motion under section 1538.5 in the trial court. Defendant's allegations of ineffective assistance of counsel relating to events prior to his plea cannot be raised without a certificate of probable cause. (See, e.g., *People v. Richardson* (2007) 156 Cal.App.4th 574, 596 [pre-plea ineffective assistance of counsel].) Failure to obtain a certificate of probable cause means defendant may not obtain appellate review of his counsel's alleged deficient performance that impugns the validity of his plea. (§ 1237.5; *People v. Stamps* (2020) 9 Cal.5th 685, 694–695; *Richardson*, at p. 596.)

Additionally, defendant's letter brief contains an extra record statement of his version of the events in support of his claims, which we cannot consider on direct appeal. (See *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1102 [appellate court reviews record as it existed when lower court ruled]; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [ineffective assistance must be demonstrated on appellate record].) Defendant did

not challenge the admissibility of his statement to police in the trial court, nor do the facts surrounding his claims of ineffective assistance of counsel appear in the trial court record, and we cannot consider facts which are not part of the record. For these same reasons, we also do not address his claim relating to the return of his phone and tablet.

Defendant's notice of appeal raises an issue relating to whether his conviction of both sections 288.5, subdivision (a) and 288, subdivision (a) violated his right to be free from double jeopardy. Section 288.5 provides in part: "No other act of substantial sexual conduct … with a child under 14 years of age at the time of the commission of the offenses, or lewd and lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section *unless the other charged offense occurred outside the time period charged under this section* or the other offense is charged in the alternative." (§ 288.5, subd. (c), italics added.) It is entirely acceptable for prosecutors to charge continuous sexual abuse pursuant to section 288.5, subdivision (a) and discrete sexual offenses pursuant to section 288, subdivision (a) that are outside the time period of the alleged continuous abuse. (*People v. Johnson* (2002) 28 Cal.4th 240, 248, citing with approval *People v. Cortes* (1999) 71 Cal.App.4th 62, 80.) Therefore, even apart from defendant's agreement to plead to both counts in exchange for an 18-year prison sentence, we note that the prosecutor amended count 3 to charge defendant with a violation of section 288, subdivision (a) that occurred on August 25, 2019, while the charge of continuous sexual abuse of a child in count 5 alleged offenses committed between August 7, 2017, and August 23, 2019. Counts 3 and 5 were charged in accordance with these authorities and section 288.5, subdivision (c).

We have examined the entire record and are satisfied that defendant's appellate counsel fully complied with his responsibilities and there are no arguable issues on appeal. (See *Wende, supra*, 25 Cal.3d at pp. 440–441.) Defendant was advised of his constitutional rights and the consequences of his pleas before he entered them. The trial

court found that his waiver of rights was knowing and intelligent, the pleas were made freely and voluntarily, and there was a factual basis for the pleas. The court relied on proper factors in denying probation and sentencing him to the upper term as to count 5 and an aggregate prison term of 18 years, which was a sentence that was expressly permitted under the plea agreement. He was represented by counsel throughout the proceedings.

Limiting our review to the sentence and postplea matters that do not affect the validity of the pleas, we have reviewed the record and found no arguable error that would result in a disposition more favorable to defendant. (*Wende, supra*, 25 Cal.3d at p. 443.) Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.